

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRADINGSCREEN INC.<br>30 Irving Place, 4th Floor<br>New York, New York 10003,<br><br>Plaintiff,<br><br>v.<br><br>SMART TRADE TECHNOLOGIES, S.A.<br>Graybar Building<br>420 Lexington Avenue, Suite 2800<br>New York, New York 10170,<br><br>Defendant. | CASE NO. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

TradingScreen Inc., by and through its undersigned counsel, brings this action against Smart Trade Technologies, S.A., seeking injunctive relief and damages for trademark infringement, false designation of origin, and unfair competition under the laws of the United States and the State of New York.

## INTRODUCTION

1. TradingScreen Inc. ("TradingScreen") is a global provider of automated trade execution, trade order management and other trade-related products and services to buy-side and sell-side financial market participants through its proprietary electronic trading system, including a robust multi-asset class computer desktop trading application sold and marketed to institutional clients under the trademark TRADESMART ("TRADESMART Mark").

2. TradingScreen has sold and marketed services under the TRADESMART Mark since at least as early as 2001.

3. Smart Trade Technologies S.A. ("Defendant") is a global provider of automated trade execution, trade order management and other trade-related products and services to buy-side and sell-side financial market participants, including a suite of financial trading products marketed and sold using the SMARTTRADE and SMARTTRADE TECHNOLOGIES trademarks (the "SMARTTRADE Marks").

4. Defendant's use of the SMARTTRADE Marks that are confusingly similar to the TRADESMART Mark constitutes trademark infringement, false designation of origin, and unfair competition in violation of TradingScreen's rights.

5. TradingScreen therefore seeks to enjoin Defendant's infringing conduct and to recover compensatory and punitive damages resulting from Defendant's injury to TradingScreen's business and for Defendant's unjust enrichment.

## PARTIES

6. TradingScreen Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 30 Irving Place, 4th Floor, New York, New York 10003. TradingScreen is a global provider of electronic trade execution, trade order management and other trade-related products and services to the institutional investor marketplace. Among its products and services and widely recognized brands, TradingScreen markets and sells a multi-asset computer desktop trading application under the federally registered and distinctive TRADESMART Mark.

7. Smart Trade Technologies S.A. is a societe anonyme organized and existing under the laws of France, having a principal place of business at 140 rue du Faubourg Saint Honore, 75008 Paris, France.

8. Smart Trade Technologies maintains at least one office in the United States at Graybar Building, 420 Lexington Avenue, Suite 2800, New York, New York 10170.

## JURISDICTION AND VENUE

9. This is an action for infringement of a federally registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; for federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for injury to business reputation under N.Y. Gen. Bus. L. § 360-l; for trademark infringement in violation of the common law of New York; and for unfair competition in violation of the common law of New York.

10. This Court has jurisdiction over the federal claims under 15 U.S.C. § 1121 (trademarks) and 28 U.S.C. § 1331 (federal question), § 1332 (diversity of citizenship), and § 1338(a) (trademarks and unfair competition). The Court has jurisdiction over state law claims under 28 U.S.C. § 1338(b) (joinder) and § 1367 (supplemental jurisdiction).

11. This court has personal jurisdiction over Defendant because Defendant has offices located in the State of New York and is engaging in, among other activities, advertising, offering for sale and selling products and services using the SMARTTRADE Marks to customers located throughout the United States, including the State of New York.

12. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because Defendant has transacted business in and/or has committed tortious conduct within the judicial district, because the events or omissions giving rise to the claims occurred, in part, in the Southern District of New York.

## TRADINGSCREEN'S BUSINESS AND WELL-KNOWN TRADESMART MARK

13. TradingScreen is a global provider of automated trade execution, trade order management and other trade-related products and services to the financial industry through its

proprietary electronic trading system. TradingScreen is a leader in providing buy-side to sell-side electronic trading connectivity and trading solutions to meet the needs of traditional and alternative asset managers, hedge funds and other institutional investors across multiple asset classes through access to multiple banks, brokers and exchanges, and other providers of trading services.

14. TradingScreen has provided electronic trading products and services for over a decade.

15. Among the products and services offered by TradingScreen is a robust multi-asset class computer desktop trading application, with advanced trade execution and order management functionalities. This desktop trading application, and related services, is marketed and sold under the TRADESMART Mark.

16. TradingScreen has been marketing and selling electronic financial trading products and services under the TRADESMART Mark since at least as early as 2001.

17. The TRADESMART application and related services are offered and sold in connection with TradingScreen's broad "TradePlus," "TradeEMS" and "TradePrime" suite of services. The TRADESMART application and related services, in conjunction with TradePlus, TradeEMS and TradePrime allow buy-side clients through a single point of access to route and execute trades with a wide range of counterparties, and receive market information and other services essential to the trading process, for a broad portfolio of financial instruments on virtually any market around the world.

18. Before the acts herein complained of, the TRADESMART Mark, through extensive advertising, promotion, and the substantial sales of products and services in this District and throughout the United States under this mark, had become associated by the relevant public with TradingScreen.

19. TradingScreen owns all right, title, and interest in and to a registration on the Principal Register of the United States Patent and Trademark Office ("PTO") for TRADESMART for "online provision of automated trade execution, distribution, and clearing services for securities, futures, options, foreign exchange, and other financial products to buy-side institutional investors and trading desks of financial institutions, namely, banks, brokers, and other sell-side firms, through a graphical user interface" in International Class 36 (Reg. No. 3,512,540) ("TradingScreen Registration"). A copy of the certificate of registration for this trademark is attached to this Complaint as Exhibit A.

20. The TradingScreen Registration is valid and subsisting, in full force and effect. The TradingScreen Registration provides constructive notice of TradingScreen's claim of ownership under 15 U.S.C. § 1072.

21. In addition to the Federal TradingScreen Registration, TradingScreen has substantial common law rights in and to its TRADESMART Mark arising from nearly a decade of use in commerce with the TRADESMART application and related services throughout the United States.

22. Through use of the TRADESMART Mark, and because of widespread and favorable public acceptance and recognition, the TRADESMART Mark has become a distinctive designation of the source of origin of the TRADESMART application and related services and the goodwill associated therewith.

23. Moreover, the substantial use and marketing of the TRADESMART Mark throughout the United States during the last nine years have caused the mark to gain significant secondary meaning.

DB1/64643268.1

## DEFENDANT'S UNLAWFUL ACTIVITIES

### Defendant's Infringement of the TRADESMART Mark

24. Defendant has adopted and is using the SMARTTRADE Marks in connection with a variety of financial trading products and services. Among its various products, Defendant develops, markets and sells electronic trading platforms and other products that facilitate and/or support the electronic trading of securities and other financial instruments on a global basis.

25. Defendant began use of the SMARTTRADE Marks in the United States after TradingScreen's adoption and use of the TRADESMART Mark.

26. Defendant adopted the SMARTTRADE Marks without the knowledge, authorization, or consent of TradingScreen.

27. On August 10, 2009, Defendant filed an application for federal registration with the PTO for SMARTTRADE TECHNOLOGIES for a variety of products and services, all, at least partially, related to computer-based financial services and "financial transactions" in International Classes 9, 37, 38, 42 (Serial No. 79/077,935) (the "Defendant Application").

28. The Defendant Application was filed without the knowledge, authorization, or consent of TradingScreen.

29. The Defendant Application is still pending. A copy of the TARR Status page from the PTO website showing the current status of the application is attached to the Complaint as Exhibit B.

### Irreparable Harm to TradingScreen

30. Defendant's use of SMARTTRADE has caused, and likely will continue to cause, customer confusion, as potential customers encountering the SMARTTRADE Marks are likely

to believe that Defendant and/or its goods and services are affiliated with or endorsed by TradingScreen or its affiliates.

31. Upon information and belief, Defendant adopted and used the SMARTTRADE Marks in the United States with full awareness of the goodwill that TradingScreen has developed in its TRADESMART Mark, and with the intent to profit or otherwise gain from the goodwill and reputation of the mark.

32. Defendant's acts are causing TradingScreen irreparable injury for which TradingScreen has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement under Section 32 of the Lanham Act)**

33. TradingScreen hereby realleges and incorporates herein the allegations set forth in paragraphs 1 through 32 of this Complaint.

34. Defendant's use of the SMARTTRADE Marks as a trademark infringes TradingScreen's exclusive rights in its federally registered TRADESMART Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), in that such conduct is likely to cause customer confusion and to cause the relevant public to mistakenly believe that Defendant's goods and services emanate from, are authorized, endorsed, sponsored or licensed by, or connected or affiliated in some way with TradingScreen.

35. Defendant's acts are without license from or permission of TradingScreen.

36. Upon information and belief, Defendant's infringing acts have been with full knowledge of TradingScreen's rights in the TRADESMART Mark.

37. Upon information and belief, Defendant's conduct challenged herein was intentional and willful.

38. TradingScreen has suffered and will continue to suffer irreparable harm as a result of such violations of law for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act)

39. TradingScreen hereby realleges and incorporates herein the allegations set forth in paragraphs 1 through 38 of this Complaint.

40. Defendant's conduct complained of herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Defendant's use of the SMARTTRADE Marks constitutes a false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. Upon information and belief, Defendant's conduct challenged herein was intentional and willful.

43. TradingScreen has suffered and will continue to suffer irreparable harm as a result of such violations of law for which there is no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### (Injury to Business Reputation under N.Y. Gen. Bus. L. § 360-l)

44. TradingScreen hereby realleges and incorporates herein the allegations set forth in paragraphs 1 through 43 of this Complaint.

45. Defendant's unauthorized use of the SMARTTRADE Marks in connection with the goods and services it provides has injured and continues to injure TradingScreen's business reputation, in violation of N.Y. Gen. Bus. L. § 360-l.

46. Upon information and belief, Defendant's conduct challenged herein was intentional and willful.

47. TradingScreen has suffered and will continue to suffer irreparable harm as a result of such violations of law for which there is no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

48. TradingScreen hereby realleges and incorporates herein the allegations set forth in paragraphs 1 through 47 of this Complaint.

49. Defendant's wrongful acts as aforesaid have confused and likely will continue to cause confusion with TradingScreen's TRADESMART Mark, and thereby constitute trademark infringement in violation of the common law of the State of New York.

50. Upon information and belief, Defendant's conduct challenged herein was intentional and willful.

51. TradingScreen has suffered and will continue to suffer irreparable harm as a result of such violations of law for which there is no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

52. TradingScreen hereby realleges and incorporates herein the allegations set forth in paragraphs 1 through 51 of this Complaint.

53. Defendant has violated the principles of the common law of unfair competition by trading on the goodwill of TradingScreen, competing unfairly, and by, among other things, creating a false association between Defendant and TradingScreen.

54. The foregoing acts of Defendant constitute unfair competition under New York common law.

55. Upon information and belief, Defendant's conduct challenged herein was intentional and willful.

56. TradingScreen has suffered and will continue to suffer irreparable harm as a result of such violations of law for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TradingScreen respectfully requests judgment against Defendant as follows:

A. Permanently enjoining Defendant, its agents, servants, directors, principals, officers, employees, successors, assigns, and all those acting under their control or the control of their subsidiaries, affiliates, or divisions and/or on their behalf and/or in concert, from using the SMARTTRADE Marks, and any name or mark derived from, based on, or confusingly similar to the SMARTTRADE Marks, alone or in combination with any other words, phrases, and/or designs, including without limitation, any other name or mark containing the terms "SMARTTRADE" or "TRADE SMART" for any purposes, and from otherwise infringing the TRADESMART Mark;

B. Directing Defendant or its attorneys to file with this Court and serve upon TradingScreen's counsel within ten (10) days of Entry of Judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the requirements of the Court's Judgment;

C. Ordering that TradingScreen be awarded:

1. All of Defendant's profits, gains, and advantages derived from the unauthorized appropriation of TradingScreen's goodwill in its trademarks as part of Defendant's name and to identify Defendant's services and products;

2. All damages incurred by TradingScreen as a result of Defendant's unlawful conduct; and

3. All of TradingScreen's costs in this action, including TradingScreen's reasonable attorneys' fees and expenses;

D. Ordering that TradingScreen be awarded enhanced damages;

E. Ordering that TradingScreen be awarded punitive damages; and

F. Ordering that TradingScreen be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

TradingScreen hereby makes demand for a trial by jury on all issues triable to a jury.

Dated: April 8, 2010

Respectfully submitted,

By: *(signature)*

J. Kevin Fee (JF-5316)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
202.739.3000
202.739.3001 Facsimile
jkfee@morganlewis.com
*Attorney for Plaintiff TradingScreen Inc.*